# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1531 | **DATE** | 4/15/2011 |
| **CASE TITLE** | Grady vs. Ocwen Loan Servicing Center | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] and her motion for appointment of counsel [5] are granted. **David Zev Smith,** Reed Smith LLP, 10 South Wacker Drive, 40th Floor, Chicago, IL 60606, Tel. (312) 207-1000, e-mail: dzsmith@reedsmith.com, is appointed to represent Plaintiff in the above-entitled matter in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Counsel is requested to (1) file an appearance in this case, (2) confer with Plaintiff as soon as practicable to determine how best to proceed in this matter, and (3) determine whether an amended complaint would be appropriate, consistent with counsel's obligations under Fed. R. Civ. P. 11. Counsel is given until 5/31/2011 to file an amended complaint or other appropriate motion. If an amended complaint is filed, the Court will direct the U.S. Marshals Service to effectuate service on Defendant unless counsel requests otherwise. The current complaint [1] is accepted for filing; however, the Clerk is directed not to issue summons for service on Defendant by the U.S. Marshal at this time given the likelihood that an amended complaint would be forthcoming after consultation with newly-appointed counsel.

■[ For further details see text below.]    Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Lauretta Grady has filed an application for leave to proceed *in forma pauperis* [4] and a motion for appointment of counsel [5]. In her application and financial affidavit, Plaintiff avers that she is disabled, not currently employed, unmarried, and receives only modest benefits in the form of social security benefits and food stamps. Plaintiff states that she lives with her daughter in an apartment owned by her daughter. Plaintiff owns a 1995 Mazda (now in disrepair) valued at $2,000, on which she owes $1,800. Based on those representations, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4].

Plaintiff's motion for appointment of counsel [5] also is granted. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C. § 1915(e)(1). Although civil litigants have no constitutional or statutory right to counsel in federal court (see *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983)), a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

## STATEMENT

In deciding whether to appoint counsel, a court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try the case himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The court should consider the capabilities of the plaintiff to litigate his own case in deciding whether to appoint counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (*en banc*).

Upon consideration of the pertinent factors, the Court concludes that appointment of counsel is warranted. It appears that Plaintiff has made reasonable efforts to obtain counsel on her own by inquiring about legal representation with legal services agencies. It also appears that Plaintiff suffers from a disability which would make it difficult for her litigate the case herself. Indeed, Plaintiff's first attempt to articulate a complaint illustrates the need for assistance of counsel in this matter. The complaint is prepared on a form for alleging violations of constitutional rights that often is used in bringing civil rights actions under 42 U.S.C. § 1983, but Plaintiff does not allege – and it is difficult to conceive of – how Defendant, a mortgage company could have acted under color of state law. The complaint goes on to assert several specific grievances that Plaintiff has with Defendant and to cite federal statutes (FDCPA and RESPA), but without much discussion of how the specific acts that Defendant allegedly committed (and omitted) violate those statutes. The complaint also makes reference to a class action lawsuit, *In re Ocwen Fed. Sav. Bank FSB*, No. 04-cv-2714, MDL No. 1604, which is pending before Judge Norgle in this district. On January 10, 2011, Judge Norgle entered an order preliminarily approving a nationwide class settlement in that litigation and scheduled a fairness hearing on May 16, 2011. Plaintiff's complaint also contains (at page 6) an excerpt from what appears to be the terms of a release in an MDL action. Although the complaint does not contain enough information for the Court to hazard even a good guess, it may be the case that Plaintiff is a member of the class in the MDL litigation before Judge Norgle. If true, Plaintiff's decision about whether to remain in the settlement class may affect any claims that she might bring in this separate lawsuit.

Given the circumstances set forth above, the Court concludes that recruited counsel may well be able to provide a service to the parties and the Court by assisting Plaintiff in evaluating her potential claims and in framing an amended complaint if any such complaint can be maintained consistent with Rule 11 and any disposition of the MDL action in which Plaintiff may choose to participate. Because any litigation in this Court is likely to proceed on an amended complaint, the Clerk is directed not to issue summons for service of the current complaint on Defendant by the U.S. Marshal at this time. Newly-appointed counsel is requested to (1) file an appearance in this case, (2) confer with Plaintiff as soon as practicable to determine how best to proceed in this matter, and (3) determine whether an amended complaint would be appropriate. By 5/31/2011, counsel should either file an amended complaint or other appropriate motion. If an amended complaint is filed, the Court will direct the U.S. Marshals Service to effectuate service on Defendant unless counsel requests otherwise.