**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAURETTA GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-1531 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| OCWEN LOAN SERVICING, LLC, ) | |
| and OCWEN FINANCIAL CORPORATION ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [24]. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion [24].

**I.  Background[1]**

Sometime before 2005, Plaintiff Lauretta Grady purchased her home located at 2547 West 118th Street in Chicago, IL. To finance the purchase, Grady signed a note, secured with a mortgage, with Ameriquest Mortgage Company ("Ameriquest") for a total amount of $168,000.000. On January 25, 2005, Defendants Ocwen Loan Servicing, LLC ("Ocwen"), a company that services residential mortgage loans that are initiated through other lenders, and Ocwen Financial Corporation ("OFC"), Ocwen's sole member and parent corporation, acquired Grady's home loan for servicing.

Grady alleges that upon acquiring her loan, Defendants charged her a series of unwarranted fees, including title report fees, property inspection fees, property valuation expense

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Grady's amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

fees, title search fees, tax backsearch fees, and others that are either not legally due under the mortgage contract or applicable law, or that are in excess of amounts that are legally due. Defendants also misapplied Grady's payments by placing them into "suspense accounts," thus diverting her mortgage funds from being immediately applied to her mortgage payments, and forced Grady to purchase or purchased on her behalf hazard insurance, despite the fact that the property was already fully insured. Finally, Grady contends that Defendants have falsely represented the true amount of the home mortgage, and have reported false amounts to national credit reporting agencies.

Believing that her loan has been serviced improperly, Grady sued Defendants, alleging that they violated the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* Grady also contends that Defendants have been unjustly enriched, have breached their covenant of good faith and fair dealing, and that their actions amount to conversion, all under Illinois law. Grady acknowledges that her "records concerning this matter are incomplete," and states that "a reasonable opportunity for further investigation and discovery * * * is likely to provide additional evidentiary support" for the allegations in her amended complaint. (Am. Compl. ¶¶ 10-11.)

Defendants have moved to dismiss Grady's amended complaint pursuant to Rule 12(b)(6), arguing that the FDCPA does not apply here because Defendants are not "debt collectors" as defined by the statute, and that Grady has not pleaded facts sufficient to raise her right to relief on any of her claims above the speculative level. Although Grady does not say so explicitly, the Court takes from the absence in her response of any discussion of her Real Estate Settlement Procedures Act and breach of covenant of good faith and fair dealing claims that she

has abandoned these claims. See *Steen v. Myers*, 486 F.3d 1017, 1020 (7th Cir. 2007). Accordingly, the Court will dismiss Counts II and IV without prejudice.

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

### A. Grady's Claim Against Ocwen Financial Corporation

As an initial matter, the Court must determine whether Grady has properly named OFC as a defendant in this lawsuit. Defendants argue that it is Ocwen, not OFC, who has been servicing Grady's loan, and that OFC should be dismissed because it has no connection to the loan. As a general principle, a parent corporation is not liable for the acts of its subsidiaries.

3

However, under the direct participant theory of liability, a parent corporation may be held liable if "there is sufficient evidence to show that the parent corporation directed or authorized the manner in which an activity is undertaken." *Forsythe v. Clark USA, Inc.*, 864 N.E.2d 227, 242 (Ill. 2007) (holding that "[t]he key elements to the application of direct participant liability, then, are a parent's specific direction or authorization of the manner in which an activity is undertaken and foreseeability"); *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 05 C 6391, 2007 WL 3037098, at *6 (N.D. Ill. Oct. 16, 2007) (noting that "where there is evidence sufficient to prove that a parent company mandated an overall business and budgetary strategy *and* carried that strategy out by its own specific direction or authorization, surpassing the control exercised as a normal incident of ownership in disregard for the interests of the subsidiary, the parent company could face liability") (internal quotations omitted). When a corporation specifically directs an activity where injury is foreseeable, or if it mandates an overall course of action and then authorizes the manner in which specific activities contributing to that course of action are undertaken, the corporation can be liable for foreseeable injuries. *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 905-06 (S.D. Ill. 2008).

Here, Grady states in her response that she has named OFC as a party because OFC was the parent company of Ocwen Federal Bank, the now-dissolved company that first acquired Grady's loan for servicing in January of 2005. Grady contends, upon information and belief, that OFC is a successor in interest to Ocwen Federal Bank. That is enough to convince the Court that dismissal of OFC would be premature at this juncture.

    B.    **Fair Debt Collection Practices Act Claim**

Defendants argue that the Court should dismiss Grady's claim under the FDCPA because Grady has not sufficiently alleged that Defendants are "debt collectors" under the statute. *See*,

4

*e.g.*, *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009) ("The FDCPA distinguishes between debt collectors, who are subject to the statute's requirements, and creditors, who are not."). Defendants contend that they are not debt collectors because (1) Grady does not allege that her account was in default at the time that Defendants acquired it, see 15 U.S.C. § 1692a(6)(F)(iii); and (2) the collection of the debt is incidental to their bona fide fiduciary obligation to Grady, see *id.* § 1692a(6)(F)(i).

Where the party seeking to collect a debt did not originate the debt but instead acquired it from another party, the party's status under the FDCPA turns on whether the debt was in default at the time that it was acquired. *Ruth*, 577 F.3d at 796 (citing *McKinney v. Cadleway Props.*, 548 F.3d 496, 501 (7th Cir. 2008), and *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538-39 (7th Cir. 2003)). Here, although Grady fails to allege whether her debt was in default when Defendants acquired it, this defect in her pleading is cured by the two documents that she attached to her response to Defendants' motion to dismiss.[2] Specifically, Grady has submitted two account statements that she received from Defendants, one dated January 27, 2005, two days after Defendants allegedly acquired her loan, which shows a "Prior Servicer Expense" of $1,973.64, (Pl. Resp., Ex. B); and one dated August 31, 2005, which states that "[t]his communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose." (Pl. Resp., Ex. A.) These documents provide sufficient factual basis for the legal conclusion in Grady's amended complaint that Defendants "are debt collectors within the meaning" of the FDCPA. (Amend. Compl. ¶ 25.)

---

[2] Rule 12(d) and Seventh Circuit case law prohibit the Court from considering "matters outside the pleadings" on a motion to dismiss unless the documents attached are (1) referred to in the complaint, (2) concededly authentic, and (3) central to the plaintiff's claim. See *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Defendants do not argue that the documents are outside the pleadings, nor do they contest the authenticity of the documents. Because the documents meet the "relatively liberal" standard articulated in *Tierney*, the Court may consider them here without converting Defendants' motion into one for summary judgment. See *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

Defendants do not dispute the authenticity of these documents. They argue instead that the documents contradict the allegations in Grady's amended complaint. Specifically, Defendants contend that Grady "alleges that she was making her payments," (Def. Reply at 3), thus foreclosing any possibility that her account was in default at the time that Defendants acquired it. Defendants, however, do not cite to the paragraph in Grady's amended complaint in which Grady made this allegation, and the Court's review of the amended complaint has not found any such allegation. Grady alleges that Defendants have charged her fees that are not legally due under the mortgage contract or under applicable law, and that Defendants have misapplied her payments, which does suggest that she was making her payments on time. But Grady alternatively alleges that Defendants are charging her fees "that are in excess of amounts legally due," which leaves open the conclusion that Grady had defaulted on her loan before the Defendants acquired it. In sum, the documents that Grady attaches do not contradict the allegations in her amended complaint. Drawing all inferences in favor of Grady, as the Court must do at this point in the proceedings, the Court concludes that Grady has alleged sufficient facts demonstrating that her loan was in default at the time that Defendants acquired it.

Defendants also argue that they are not debt collectors under the FDCPA because the collection of Grady's debt is incidental to their bona fide fiduciary obligation. For a party to fall within this exception to the FDCPA, two requirements must be satisfied. See *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1032 (9th Cir. 2009) (citing 15 U.S.C. § 1692a(6)(F)(i)). First, the party must have a fiduciary obligation to the debtor. Second, the party's collection activity must be incidental to that obligation. Even assuming that Defendants have a fiduciary obligation to Grady, their collection activities are not incidental to that obligation. "The 'incidental to' requirement means that the collection activity must not be 'central to' the

fiduciary relationship." *Id.* at 1034 (citing *Wilson v. Draper & Goldberg*, 443 F.3d 373, 377 (4th Cir. 2006)). As noted above, Grady has alleged that Defendants took on her loan after it was in default. Because Defendants' sole function was to take assignment of the loan from Ameriquest and to act as a collection agent, its collection activity was central to, and therefore not incidental to, any fiduciary obligation it may have to Grady. See, *e.g.*, *Rowe*, 559 F.3d at 1035 (concluding that the collection activities of a guaranty agency, whose "sole function was to take assignment of the loan from [the guarantor] and to act as a collection agent" were not incidental to the agency's fiduciary duty); *Wilson*, 443 F.3d at 377 (finding that the exception did not apply because the trustee's actions to foreclose on a property pursuant to a deed of trust were central to its fiduciary obligation). Accordingly, Grady has alleged sufficient facts demonstrating that Defendants are debt collectors under the FDCPA.

The Court thus moves to the question of whether Grady has stated a claim under the FDCPA. The FDCPA prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692 *et seq*. Grady alleges that Defendants violated §§ 1692e, 1692e(2), 1692e(8), 1692f, and 1692f(1) of the FDCPA by collecting improper fees that are not authorized by contract, misrepresenting the amount of debt owed on the mortgage, and communicating credit information that it knew or should have known was false.

Section 1692e of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including falsely representing "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), or communicating "to any person credit information which is known or which should have been know to be false * * *." *Id.* § 1692e(8). Section 1692f forbids a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including

7

collecting a debt that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In determining whether a collection letter violates §§ 1692e or 1692f of the FDCPA, the Court views the letter through the eyes of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003).

Defendants contend that Grady's amended complaint contains only conclusory statements of law and lacks any factual basis for relief. While the relevant allegations in the amended complaint are somewhat lean, they are sufficient to meet the federal notice pleading standards, particularly in a relatively straightforward case like this one. See *Limestone Dev. Corp v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (explaining that the amount of factual allegation required depends on the complexity of the legal theory). The amended complaint meets the requirements of Rule 8(a) because it gives Defendants notice of the claim against it and the grounds upon which it rests. And while a complaint must "allege 'enough facts to state a claim to relief that is plausible on its face,'" *id.* (quoting *Twombly*, 550 U.S. at 570), a plaintiff need not plead specific facts. See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.") (quotations omitted). Grady alleges that Defendants have violated the FDCPA by charging and seeking to collect improper fees, costs, and charges that are either not legally due under the mortgage contract or applicable law, or that are in excess of the amounts that are legally due. Grady contends that these improper fees, costs, and charges include things like title report fees, property inspection fees, property valuation expense fees, title search fees, tax backsearch fees, late fees, and high insurance premiums. She also alleges that Defendants have reported credit information that they knew or should have

8

known was false. Taking all of the allegations in the amended complaint (including the documents attached to Grady's response) to be true, Grady has alleged a claim under the FDCPA that is plausible on its face. As such, the Court denies Defendants' motion to dismiss pursuant to Rule 12(b)(6) as to Count I of the amended complaint.

### B. Unjust Enrichment and Conversion

Defendants also contend that Grady's state law claims for unjust enrichment and conversion fail as a matter of law because Grady has not alleged sufficient facts to support her claims. To state a claim based on a theory of unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (1989). Here, Grady has alleged that Ocwen charged her "various improper fees, costs and charges" to her detriment, which increased the total cost of her mortgage. Again, although Grady has not alleged specific facts in her amended complaint, they are not necessary to survive a motion to dismiss, even after *Twombly*. The Court therefore denies Defendants' motion to dismiss Count III.

Grady's amended complaint does not, however, properly state a claim for conversion. To recover for conversion in Illinois, a plaintiff must show: (1) a right to the property; (2) an absolute and unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (citing *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998)). Grady has alleged that Defendants have charged her costs, fees, and expenses in excess of the

9

amount due. She has also alleged that Defendants have mishandled her payments, resulting in her having to pay late fees. Nevertheless, Grady has failed to allege that she made any demand to Defendants for possession of the monies that she claims are rightfully hers. Without this allegation, Grady cannot succeed on her conversion claim. Accordingly, the Court grants Defendants' motion to dismiss Count V.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendants' motion to dismiss [24]. Specifically, the Court grants Defendants' motion as to Counts II, IV, and V, but denies Defendants' motion as to Counts I and III. Counts II, IV, and V are dismissed without prejudice. The Court sets this matter for a status hearing on April 19, 2012, at 9:00 a.m.

Dated: March 19, 2012

Robert M. Dow, Jr.
United States District Judge