Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1531 | **DATE** | 6/11/2013 |
| **CASE TITLE** | Grady vs. Ocwen Loan Servicing LLC | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's objections [59] to Magistrate Judge Schenkier's March 18 ruling [see 58, 62] are respectfully overruled; the ruling is affirmed and the following briefing schedule is set for dispositive motions: Plaintiff's response to Defendants' motion for summary judgment [67] and cross-motion for summary judgment, if any, are due on 7/8/2013; Defendants' response/reply brief is due on 7/29/2013; Plaintiff's reply, if any, is due on 8/13/2013. The Court will issue a ruling by mail on the dispositive motion(s).

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

In this case, Plaintiff filed her original pro se complaint [1] on March 4, 2011. The Court promptly granted Plaintiff's motion for recruitment of counsel [see 6, 11]. In June 2011, with the assistance of counsel, Plaintiff filed her amended complaint [17]. In March 2012, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. Since that time, Defendants have answered and the parties have proceeded with discovery.

In February 2013, the Court referred this matter to the calendar of Magistrate Judge Schenkier for all discovery supervision. Shortly thereafter, Plaintiff filed a motion to compel [53]. Among other things, Plaintiff sought to compel Defendants to respond to certain document production requests and interrogatories concerning various fees and charges relating to the servicing of Plaintiff's mortgage. Each side filed a brief setting forth its position [see 53, 56, 57]. The disputed issue from which the objections now before the Court derive concerns the temporal scope of Defendants' document production. Plaintiff sought documents dating back to 2005; Defendants objected on the ground that such an extensive production would be unduly burdensome, especially in view of certain refinancing documents that Plaintiff executed in 2007 and 2010 that, according to Defendant, prohibited Plaintiff from challenging any charges imposed prior to 2010.

On March 18, 2013, Judge Schenkier held a hearing during which he announced oral rulings on the motion to compel. In regard to the temporal issue, Judge Schenkier ordered Defendants to produce documents from 2010 and later at their own expense. However, Judge Schenkier ruled that Defendant would be required to produce earlier documents (dating back to 2005) only if Plaintiff paid the costs of the production. Plaintiff has filed objections to Judge Schenkier's decision, which this Court now addresses.

As an initial matter, Plaintiff contends that Judge Schenkier's ruling "appear[s] to decide in favor of defendants on certain dispositive or at least partially dispositive matters concerning defenses of waiver and novation that defendant did not plead and which are not properly at issue in this action," suggesting that this Court therefore

should review Judge Schenkier's ruling under a *de novo* standard rather than for clear error. This Court respectfully disagrees. Nothing in Judge Schenkier's ruling disposes of any issue in the case. All that the ruling does is shift the costs of compliance with certain of Plaintiff's document requests to Plaintiff herself if she wants access to those documents. [FN 1]

> [FN 1] In fact, recruited counsel generously has offered to advance those costs to Plaintiff should this Court uphold Judge Schenkier's order.

The general rule in discovery is that the responding party bears the costs of complying with discovery requests. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). However, a district court "has broad discretion to protect a responding party from undue burden or expense in discovery by shifting some or all of the costs of production to the requesting party." *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996) (citing Fed. R. Civ. P. 26(c) and *Oppenheimer Fund*, 437 U.S. at 358). Numerous courts have commented on the availability of cost-shifting in managing the burdens of discovery. See, *e.g.*, *Spears*, 74 F.3d at 158 (noting that the Federal Rules of Civil Procedure "give trial courts considerable discretion in determining whether expense-shifting in discovery production is appropriate in a given case"); *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 572 (N.D. Ill. 2004) (explaining that a responding party may ask the court to protect it from "'undue burden or expense'" by either restricting the discovery sought or by shifting the costs to the non-producing party); *Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, 2003 WL 21277129, at *1 (N.D. Ill. June 3, 2003) (explaining that "[i]f the burden of a discovery request outweighs the likely benefit, we may shift all or part of the cost of production to the requesting party," and listing factors courts may take into account when considering whether costs should be shifted); *Byers v. Illinois State Police*, 2002 WL 1264004, at *11 (N.D. Ill. June 3, 2002) ("When the burden of a request outweighs the likely benefit, courts generally shift all or part of the cost of production to the discovering party."). Indeed, the Advisory Committee Notes to the 1970 Amendment to Federal Rule of Civil Procedure 34 specifically noted that "courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs."

Magistrate Judge Schenkier determined that the breadth of Plaintiff's discovery requests in this case justified invoking the well established principles cited above in regard to a certain class of documents – namely, documents that predated Plaintiff's loan modification agreement under the Home Affordable Modification Plan ("HAMP") into which Plaintiff entered in January 2010. Defendant objected on the ground that the request for documents dating back to 2005 amounted to approximately eighty separate charges. Having reviewed the parties' written submissions, Judge Schenkier was aware of both a 2007 forbearance agreement and the 2010 HAMP modification. He also was aware of Plaintiff's contentions that any effort to block Plaintiff from contesting her charges on the basis of those agreements would be "unconscionable" and that Defendant had not raised any such arguments in its pleadings. Nevertheless, Judge Schenkier explained that he would not "ignore" those documents and that the costs of responding to Plaintiff's request for documents pre-dating the 2010 modification would be borne by Plaintiff herself (if she persisted in requesting such documents).

Drawing the line where he did lay well within Magistrate Judge Schenkier's broad discretion in managing discovery in this case. The fact that Plaintiff qualifies for *in forma pauperis* status does not automatically tip the scales in favor of unlimited discovery at Defendant's expense. While the relative resources of the parties are a factor that courts may consider in deciding whether to shift costs – and one that favors Plaintiff here – other relevant factors that Judge Schenkier considered pointed in the opposite direction. See *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 429 (S.D.N.Y. 2002) (listing eight factors that judges may consider in determining whether discovery costs should be shifted). Judge Schenkier did not commit error, much

| STATEMENT |
|---|
| less clear error, in concluding that the costs of complying with Plaintiff's extensive written discovery requests should be split between Plaintiff and Defendant on a temporal basis. |